92 F.3d 1206
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kathryn A. HOFFSTETTER, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 96-3118
 United States Court of Appeals, Federal Circuit.
 July 8, 1996.
 
 Before MAYER, LOURIE, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kathryn A. Hoffstetter appeals an initial decision of the Merit Systems Protection Board, No. BN0351940303-I-1 (June 9, 1995), affirming the decision of the Department of the Navy to separate Hoffstetter from her position as a Nuclear Engineer, GS-12, at the Portsmouth Naval Shipyard, Kittery, Maine, as part of a reduction-in-force (RIF). The board's initial decision became final on December 7, 1995, when the full board denied her petition for review. We affirm.
 
 
 2
 We note at the outset that although the government raised the issue of timely filing, Hoffstetter is entirely correct that the court was closed due to inclement weather on January 12. Following the January 15 holiday, she timely filed her brief on January 16, 1996.
 
 
 3
 We review the board's decisions under a narrow standard. We must affirm a decision of the board unless it is demonstrated to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Conclusions of law by the board are reviewed de novo. Marano v. Department of Justice, 2 F.3d 1137, 1141 (Fed.Cir.1993).
 
 
 4
 Hoffstetter argues that the board erred by refusing to consider "new evidence" which she obtained, despite due diligence, after the record in her case closed. This new evidence, she alleges, is a report of an internal investigation dated November 15, 1994, which finds that an October 22, 1993, RIF was conducted in accordance with the regulations, but that the spirit and intent of the RIF were not appropriately carried out. Based on this report, which was released to her on July 11, 1995, Hoffstetter argues that the Shipyard gave unauthorized preferential treatment to other employees by transferring them to her area shortly before the RIF, causing her to be separated, in violation of 5 U.S.C. § 2302(b)(6).
 
 
 5
 Under the regulation governing petitions for review, the board "may grant a petition for review when it is established that: (1) New and material evidence is available that, despite due diligence, was not available when the record closed." 5 C.F.R. § 1201.115(d). Thus, the decision whether to grant the petition is discretionary, and the evidence presented must be new and material for the petitioner to prevail.
 
 
 6
 Here, an affidavit by the assistant RIF coordinator at the Shipyard indicates that the employees in Hoffstetter's grade were not affected by the October 1993 RIF that was the subject of the internal report which Hoffstetter now produces. If the report and its subject matter would not have affected Hoffstetter's rights, then it is not material to her appeal. Moreover, the facts that form the basis of the internal report were at Hoffstetter's disposal while the record in her case was still open; thus, the report was not new evidence but rather a previously undisclosed analysis of the facts relating to an earlier RIF that did not directly affect Hoffstetter. Given these facts and circumstances, we see no error in the board's decision.